*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0058**

State of Minnesota,
Respondent,

vs.

Daniel John Wyatt,
Appellant.

**Filed December 18, 2023**
**Affirmed**
**Ross, Judge**

Hennepin County District Court
File Nos. 27-CR-22-4352, 27-CR-22-9299

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Adam Petras, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Segal, Chief Judge; and Worke, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Daniel Wyatt assaulted his fiancée, violated the resulting domestic-abuse no-contact order two months later, and pleaded guilty to the charges arising from both offenses. Wyatt argues on appeal that the district court failed to vindicate his constitutional right to

represent himself after he asserted during his plea hearing that he wanted to do so. He also argues that the district court abused its discretion by failing to depart downward from the presumptive sentence under the sentencing guidelines. Because Wyatt did not clarify his request for self-representation and waived his self-representation argument by pleading guilty, and because he failed to identify any substantial and compelling circumstance warranting a sentencing departure, we affirm.

**FACTS**

Hennepin County Sheriff's deputies arrested Daniel Wyatt in March 2022, and the state charged him with felony domestic assault for punching his fiancée in the arm and face at the Hennepin County Medical Center. Wyatt pleaded guilty one month later, and the district court deferred accepting his plea pending sentencing. The district court released Wyatt after issuing a domestic-abuse no-contact order (DANCO) prohibiting Wyatt from having any contact with his fiancée. One month after Wyatt's release, police went to a Minneapolis park on an assault report involving a man chasing a woman. They arrived and found Wyatt and his fiancée, and the state charged Wyatt with violating the DANCO.

When Wyatt appeared at his bail hearing on the DANCO charge, he said that he was appearing without legal counsel, that he did not need his public defender, and that he wanted to plead guilty. The district court informed him that, because he had been appointed counsel in the underlying domestic-assault case, he would continue to be represented by counsel for the bail hearing and could decide later whether to represent himself at the appropriate time.

Wyatt did not assert a request to represent himself at any later proceeding. He eventually pleaded guilty to the DANCO violation while he was represented by counsel. The district court deferred accepting Wyatt's guilty pleas pending sentencing, and it released him before sentencing on the condition that he participate in residential chemical treatment. Wyatt left his treatment program unsuccessfully soon after he arrived.

Wyatt appeared for sentencing and asked the district court to depart downward dispositionally from the 24-month prison sentence presumed under the sentencing guidelines, contending that he was particularly amenable to probation. The district court considered Wyatt's request for a downward dispositional departure but did not find that substantial and compelling circumstances justified departing from the presumptive sentence. The district court sentenced Wyatt to serve concurrent prison terms of 18 months on the domestic-assault conviction and 24 months on the DANCO-violation conviction.

Wyatt appeals.

## DECISION

Wyatt challenges the district court's decision denying his request to represent himself during the DANCO bail hearing. We review a denial of a request for self-representation for clear error. *State v. Blom*, 682 N.W.2d 578, 613 (Minn. 2012). A defendant has the right to waive counsel and represent himself. Minn. Const. art. 1, § 6; *Faretta v. United States*, 422 U.S. 806, 819 (1975). Wyatt asserts that his request to represent himself was unequivocal and timely, and, in any event, that the district court should have questioned him to determine whether his request was knowing and intelligent as required by caselaw. *See State v. Richards*, 456 N.W.2d 260, 263 (Minn. 1990). But

after the district court indicated that Wyatt could assert a claim for self-representation at a suitable time, Wyatt did not do so. And a valid guilty plea waives any nonjurisdictional errors. *Dikken v. State*, 896 N.W.2d 873, 878 (Minn. 2017). Wyatt does not contend that his guilty plea was invalid, and he does not contend that his self-representation argument presents a jurisdictional question. Because Wyatt failed to clearly request self-representation and he then waived his opportunity to make the request by validly pleading guilty while he was represented by counsel, we do not address his argument further.

Wyatt also challenges his sentence based on the district court's decision denying his request for a downward dispositional departure. We will afford the district court great discretion when we review its decision not to depart from the presumptive guidelines sentence. *State v. Soto*, 855 N.W.2d 303, 307–08 (Minn. 2014). A district court may depart from a presumptive sentence only if it finds that "identifiable, substantial, and compelling circumstances" justify departing. Minn. Sent'g Guidelines 2.D.1 (Supp. 2021). One circumstance that might justify departing is a defendant's particular amenability to probation. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982); *see also Soto*, 855 N.W.2d at 308. The *Trog* court identified factors the district court can consider when assessing whether this circumstance exists. *Trog*, 323 N.W.2d at 31. The record satisfies us that the district court carefully considered Wyatt's departure request and that it correctly determined that no substantial and compelling circumstance warranted departure. Wyatt maintains that he "demonstrated that he was particularly amenable to treatment in a probationary setting through his efforts to arrange inpatient treatment" and that he "spoke to his newfound realization that his relationship with [his fiancée] was toxic." We agree

4

with the district court's implicit decision that these circumstances fall short of establishing that Wyatt is particularly amenable to probation. We therefore hold that the district court sentenced Wyatt within its discretion.

**Affirmed.**